BEULAH NELSON, *et al.* v. C. I. DWIGGINS, *as Liquidator Central Bank & Trust Company.*

149 So. 613.
Division A.
Opinion Filed July 6, 1933.
Rehearing Denied August 2, 1933.

*Ira C. Hopper,* for Appellants;

*C. V. McClurg,* for Appellee.

DAVIS, C. J.—This is an interlocutory appeal from an order overruling a demurrer to a bill brought by a bank liquidator to foreclose a mortgage that had been executed by Beulah Nelson and her husband to Central Bank & Trust Company, as security for the payment of $4000.00, alleged to be due as part of the purchase price of the mortgaged land.

The contention of the appellants is that a purchase money mortgage executed by a remarried widow of a deceased vendee who had acquired a homestead right in the mortgaged land under an executory contract of sale taken by his vendor during the vendee's lifetime, cannot constitute a superior lien on the property involved, as against the interests of decedent vendee's children. With this contention we agree, and such was the holding of the Chancellor below when he sustained the demurrer interposed by the guardian of the minor, Reed Waldo Weaver, Jr.

Whatever vendor's lien there had originally been, was waived when the vendor took security by way of a purported purchase money mortgage from the vendee's widow after the vendee's death, concerning the same land. The rule is well settled that the lien of a vendor is lost in all cases where any security is taken, on the land or otherwise, for

the whole or any part of the purchase money, unless there is an express agreement to the contrary. McKeown v. Collins, 38 Fla. 276, 21 Sou. Rep. 103. This rule was likewise followed by the Chancellor below when he sustained a demurrer to the first bill insofar as it sought foreclosure of an alleged vendor's lien against all the heirs of the deceased vendee.

But the precise proposition now to be determined is whether or not the $4,000.00 mortgage given by the remarried widow, Beulah (Weaver) Nelson, purportedly for the purchase money of the property mortgaged, is foreclosable against an interest in that property acquired by deed from one of the two children of the deceased vendee as to whom, and as to whose heirs, the vendor's lien had undoubtedly been waived when the mortgage from the remarried widow and her second husband, was taken for the purchase price.

At the time of the giving of the mortgage sued on, there simultaneously passed from the mortgagee bank to the mortgagor, Beulah Nelson, a warranty deed purporting to convey the land described in the mortgage and involved in this suit. Both the mortgage and the deed were executed on the same day,—November 15th, 1926, have reference to the same property, and relate to the same subject matter. Our construction of this transaction is that the mortgage from Beulah Nelson, joined by her husband, to the Central Bank & Trust Company, operated only to mortgage whatever title or interest in the property that would pass under the bank's deed, since the mortgage was given as security for the payment agreed to be made for that deed.

Since the mortgage being foreclosed in this case by the liquidator of the bank against Beulah Nelson and her husband, purports to be a purchase money mortgage given for whatever was acquired by them under the deed that same

day executed by the bank to the mortgagor, Beulah Nelson, it follows that this mortgage is subject to the rule often declared in this State, that a purchase money mortgage given as part of the transaction in which the premises were purchased, *is an exception to the general rule* that, where a mortgage contains full covenants of warranty, title acquired by the mortgagor *after* the execution of the mortgage, inures to the benefit of the mortgagee. Florida Land Inv. Co. v. Williams, 98 Fla. 1258, 116 Sou. Rep. 642; Florida Land Inv. Co. v. Williams, 84 Fla. 157, 92 Sou. Rep. 876, 26 A. L. R. 171. The reason for the exception is given in the cases cited, and is based on the idea that it would be unjust to allow a purchase money mortgage to be foreclosed on any greater title than the seller had conveyed, merely because it contained a covenant of warranty.

It follows, therefore, that the interest of the child, Mary Smith Weaver, which by deed to her mother, Beulah Nelson, became the latter's property, is no more subject to the mortgage being foreclosed, merely because it is now in Beulah Nelson's name, than is the interest of the other child, Reed Waldo Weaver, Jr., which the Chancellor expressly held was not subject to the mortgage being foreclosed.

But the demurrer interposed to the bill was a general demurrer and was properly overruled, because there was undoubtedly equity in the bill to the extent that it sought a foreclosure against the exact interest the bank had conveyed by deed to the mortgagor, simultaneously with the giving back of the mortgage. A limitation of the foreclosure to this circumscribed field of operation, can be invoked by answer and preserved in any final decree which may be later entered.

So it follows that there was no error in the order appealed from and that such order should be, and the same is hereby

affirmed, with directions that such further proceedings be had in this cause as will be in conformity to this opinion.

Affirmed and remanded with directions.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—The pitch of the holding of this Court in its orignial opinion was that in the absence of a showing of special circumstances taking the case out of the general rule, a purchase money mortgage *cannot be foreclosed on any greater interest or title than the seller had conveyed to the mortgagor,* in consideration of the mortgagor's giving of the mortgage being foreclosed, merely because the mortgage as given, contained a covenant of warranty. This necessarily led to the conclusion that since there was a deed from the mortgagee bank to the purchase money mortgagor, and the giving back of the purchase money mortgage was in consideration of such deed, and the two instruments were simultaneous transactions, the purchase money mortgage being foreclosed should be held limited to the *exact* interest in the land that had been simultaneously conveyed to the mortgagor by the mortgagee bank's deed, the original vendor's lien of the bank having, as we have held, been waived by the new form the transaction took, when the vendor bank elected to take a mortgage security on the particular interest in the mortgaged property that had been conveyed to the mortgagor by the mortgagee's deed.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

Brown, J. (dissenting).—Upon a reconsideration of this case, upon petition for rehearing, I am inclined to the view that the grounds of such petition present meritorious questions and that a rehearing should be granted.