### W. C. GILMAN v. JOSEPH P. BUTZLOFF, et al.

22 So. (2nd) 263　　　　　　　　　　January Term, 1945
May 11, 1945　　　　　　　　　　　　　　Division A
Rehearing denied June 12, 1945

*Mabry, Reaves, Carlton, Anderson & Fields,* for appellant.
*Knight & Thompson,* for appellees.

BUFORD, J.:·

The appeal brings for review judgment in favor of defendants in a suit wherein plaintiff sued defendants alleging that "defendants, for that on March 15, 1943, the plaintiff agreed to buy from the defendants, and the defendants agreed to sell to the plaintiff The East 42¾ Feet of Lot Three (3) of Block Seven (7), General Map of Tampa known as Bon Air Hotel, 212½ Tyler Street, Tampa, Florida.

"A copy of the contract of sale is hereto attached, marked Exhibit 'A' and made a part hereof.

"One of the provisions of the said contract was and is that the property should be turned over to the plaintiff on or before thirty-five (35) days from the date of the contract, but the said property was not turned over to the plaintiff within the said thirty five (35) days, notwithstanding the plaintiff fully complied with all provisions of the said contract on his part to be performed and insisted, and continued to insist, that the defendants perform their obligation to turn over said property to him. It was not until the 16th day of October, 1943, that the property was turned over to the plaintiff by the defendants, and the plaintiff during the said period of time from the 20th day of April, 1943, until the 16th day of October, 1943, was wrongfully kept out of the possession of said property and deprived of the income which the said property would have yielded to the plaintiff, to the great damage of plaintiff.

"Wherefore, the plaintiff sues the defendants and claims the sum of $5000 damages.

SECOND COUNT:

For a second count, the plaintiff re-avers all the matters and things stated in the first count of this his declaration, and in addition says that it was the duty of the defendants

to deliver the possession of said premises to the plaintiff in as good condition as it was in at the time the said contract was made, but the defendant did not do so. On the contrary, electric fixtures, including most of the wiring, were removed from the building; also plumbing pipes and faucets from baths and hot water heater connections were removed; three built-in closets were removed, and the walls were greatly damaged in removing the same; four doors, three wooden and one screen, were removed—of the total value of $275.

"Wherefore, the plaintiff sues the defendants and claims damages in the sum of $5000."

To this declaration defendants filed a plea to each count. The original plea to the first count was amended to read as follows:

"The defendants, Joseph P. Butzloff, H. Schenck and The Exchange National Bank of Tampa, a corporation, Trustees of the Estate of Annie B. Schenck, by Knight & Thompson, their attorneys, for plea to the first count of plaintiff's declaration say that the plaintiff, W. C. Gilman, on or about April 9, 1944, accepted from the defendants the property described in said count subject to the tenancy of those tenants then in possession thereof and took delivery from the defendants of a deed conveying said property to him and his wife Mary A. Gilman."

The plea to the second count was as follows:

"And for plea to the second count of plaintiff's declaration the defendants say that the plaintiff on April 9, 1943, accepted a conveyance of the property described in the first count of said declaration and that at the time he did so the said building and the fixtures therein were in the same condition as they were in at the time of the execution of the contract of sale referred to in said declaration."

Plaintiff demurred to pleas to both counts of the declaration, the chief grounds thereof being, in effect, that the pleas sought to set up as a defense in bar a modification by parole of a written agreement. The demurrer was overruled, and properly so. The pleas did not set up as a defense an alleged modification of an executory contract, but did set up a waiver

of the terms of the executory contract and a consummation and satisfaction of the contract as affected by the waiver.

There was substantial evidence in the record to prove the waiver of that part of the contract relied upon for recovery. In Masser v. London Operating Co., 106 Fla. 474, 145 So. 79, we held:

"A waiver of a covenant by the party for whose benefit it is inserted may be made by parol. Such waiver is held not to be a modification or change in the terms of the original agreement, but is deemed within the rule that a contract under seal may be released, surrendered or discharged by matters in pais. Martin v. Martin & Carpenter, 98 Vt. 326, 127 A. 292, 55 A.L.R. 697, and note: Becker v. Becker, 250 Ill. 117, 95 N. E. 70, Ann. Cas. 1912B, 275.

"We have held that 'Waiver is the intentional relinquishment of a known right,' that it does not arise from forbearance for a reasonable time, but that it may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived. See Pader v. Prather, 100 Fla. 591, 130 So. 15; Kreiss Pot Phos. Co. v. Knight, 98 Fla. 1004, 124 So. 751. Where the acts or conduct of a party are such as to estop him from insisting upon the right claimed to have been relinquished, no consideration is necessary. 40 Cyc. 264.

"It is necessary that the acts, conduct or circumstances relied upon to show waiver should make out a clear case. 40 Cyc. 269, 27 R.C.L. 910."

And in Bellaire Securities Corp. v. Brown, 124 Fla. 47, 168 So. 625, we held:

"A party may waive any right to which he is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution. See 27 R.C.L. 904, et seq.; Rader v. Prather, 100 Fla. 591, 130 So. 15, 17; Nelson v. Dwiggins, 111 Fla. 298, 149 So. 613. This is not in conflict with the rule that the terms of a sealed contract cannot be changed by parol. Becker v. Becker, (Ill.) 95 N. E. 70; Martin v. Martin, (Vt.) 55 A.L.R. 697."

The law appears to be well settled that the statute of frauds cannot be invoked where non-performance of the

original terms has been occasioned by the oral modification and a contract as modified.has been fully performed. See 37 C. J. Sec. 735; Williston on Contracts Rev. Ed. Vol. 2, pages 1422, 1427 and 1713; McDowell v. Ritter, 153 Fla. 50, 13 So. (2nd) 612.

No reversible error appearing in the record, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.