QUESTION:
Are the 30-day or 90-day time limits in subsection 120.60(2), F. S. (s. 10, Ch. 76-131, Laws of Florida), subject to waive by an applicant for a license?
SUMMARY:
The 90-day time limitation prescribed by s. 120.60(2), F. S. (s. 10, Ch. 76-131, Laws of Florida), for the approval or denial of license applicants is subject to waiver by the applicant for an environmental license. However, the 30-day time limitation and 30-day period cannot be waived by the applicant or the licensing agency.
You state that the staff of the Joint Legislative Committee on Administrative Procedure has suggested that these time limits are jurisdictional limitations on an agency and thus cannot be waived by the licensee. You suggest that these time limits establish certain rights for the benefit of license applicants to ensure an expeditious decision by the regulatory agencies and, therefore, may be waived by the applicant. Further, an applicant may find such waiver advantageous in a case involving a project where the licensing agency determines that the project cannot comply with applicable standards and the applicant desires to discuss any modifications with the licensing agency in order to avoid a denial of the application. You state that in complex cases there might not be enough of the 90-day time period left for the applicant and the licensing agency to discuss and evaluate possible modifications of the proposed project.
Section 120.60(2), F. S. 1975, provided that:
 When an application for a license is made as required by law, the agency shall conduct the proceedings required with reasonable dispatch and with due regard to the rights and privileges of all parties or aggrieved persons. . . . (Emphasis supplied.)
This provision, which operated on the agencies subject to s.120.60, F. S., contained no specific time limitations for agency action and instead only required that proceedings be conducted with `reasonable dispatch.' In 1976, the Legislature significantly amended s. 120.60(2), F. S., by s. 10, Ch. 76-131, Laws of Florida, and imposed the following specific limitations upon licensing agencies subject to the requirements contained therein:
 . . . Within 30 days after receipt of an application for a license the agency shall examine the application, notify the applicant of any apparent errors or omissions and request any additional information the agency is permitted by law to require. Failure to correct an error or omission or to supply additional information shall not be grounds for denial of the license unless the agency timely notified the applicant within this 30 day period. The agency shall notify the applicant if the activity for which he seeks a license is exempt from the licensing requirement and return any tendered application fee within 30 days after receipt of the original application or within 10 days after receipt of additional timely requested information, correction of errors or omissions. Every application for license shall be approved or denied within 90 days after receipt of the original application or receipt of the additional timely requested information, correction of errors or omissions. Any application for license not approved or denied within the 90 day period or within 15 days after conclusion of a public hearing held on the application, whichever is latest, shall be deemed approved and, subject to the satisfactory completion of an examination if required as a prerequisite to licensure, shall be issued. (Emphasis supplied.)
The effect of s. 10, Ch. 76-131, Laws of Florida, is to require the licensing agency to do certain things and to make certain decisions by a time certain. The law deems or considers the failure to so act the equivalent of an approval of the application and requires the issuance of the license forthwith. Section 10, Ch. 76-131, does not repose or vest any discretion in the licensing agency with respect to the issuance of the license in the statutorily specified circumstances.
An examination of s. 120.60(2), F. S., as amended by s. 10, Ch.76-131, Laws of Florida, reveals that the 90-day time limitations contained therein are directed against the licensing agency and in favor of and for the benefit of the applicant for the license. However, s. 120.63, F. S., as amended, permits licensing agencies to avoid the requirements of s. 120.60(2) by applying to the Administration Commission for an exemption as provided for at s.120.63. However, each exemption granted by the commission shall be for a single application only and shall not be renewable. Section120.60(6), F. S. (1976 Supp.).
The obvious legislative intent in rewording s. 120.60(2), F. S., to impose additional requirements and time limitations associated therewith upon licensing agencies was to ensure that said agencies acted in a prescribed manner upon applications for licenses within specified time limitations or their authority to deny the license, subject to the designated exception with respect to the satisfactory completion of any required examination for licensing, would be foreclosed and, upon the agency's failure to so act, to require the license to be issued forthwith. This is apparent from the title of Ch. 76-131, Laws of Florida, which states in pertinent part:
 . . . amending s. 120.60(2), F. S., and adding a subsection; setting limits upon the time permitted an agency to request additional information and to make decisions on license
applications; providing for automatic issue of licenses under specified circumstances and limited permissible exceptions. . . . (Emphasis supplied.)
Thus, as to the applicant, the limitations imposed upon the licensing agencies have the effect of also creating a substantive right for the benefit of the license applicant, and as to him the statute is a substantive law. Cf. Johnson v. State, 336 So.2d 93,95 (Fla. 1976); In re Florida Rules of Criminal Procedure,272 So.2d 65 (Fla. 1972) (Adkins, J., concurring); AGO 077-10.
However, the precise issue raised by your inquiry is whether the 90-day time limitations contained in s. 120.60(2), F. S., which seek to expedite the rights and privileges of the applicant can be intelligently, freely, and voluntarily waived by a beneficially interested applicant. This, of course, presupposes that no coercion or pressure, direct or indirect, will be placed upon the license applicant by the licensing agency to induce the waiver by the applicant.
The Department of Environmental Regulation issues a variety of environmental permits and licenses, dealing with such matters as pollution of the air and water by stationary installations and weather modification, see ss. 403.061(16), 403.087, 403.088, and403.301, and regulation, disposal, and recycling of solid wastes, s. 403.707, F. S. Such permits and licenses involve the conduct and operation of commercial and utility businesses, manufacturing, mining, exploration and exploitation of natural resources, and recovery of natural resources. The privilege to develop and use property in order to conduct business or operate commercial and utility facilities involves certain property rights or interests which, while subject to reasonable regulation, may not be totally divested by the state.
The situation which your letter discusses is one in which the environmental licensing agency has the application under consideration during the course of the prescribed 90-day period and has provisionally determined that the project, as proposed in the application, cannot comply with the applicable and lawfully established standards, and, therefore, should be denied by the licensing agency unless modifications are made in the proposed project and the application for licensing thereof. In this circumstance, the waiver of the prescribed 90-day time limitations by the applicant is for the purpose of giving the applicant and the agency time to evaluate modifications to the proposed project and to negotiate and agree upon the requisite modifications so as to avoid a denial of the license or permit which would force the applicant to reapply for the license or permit or seek judicial review of the agency's final denial thereof.
As a general proposition, a person may waive any matter which affects his property or any alienable right which he owns, which belongs to him, or to which he is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided such rights and privileges rest in the individual, are intended for his sole benefit, to not interfere with the rights of others, and are not forbidden by law or public policy. Gilman v. Butzloff, 22 So.2d 263 (Fla. 1945); 92 C.J.S.Waiver, at 1066-1067.
Since an obvious purpose of s. 120.60(2), as amended, with respect to the 90-day time limitation for the approval or denial of the license application, is to create beneficial rights for the applicant, it would appear that, in conformity with the general rule, such rights can be waived when the applicant intelligently, freely, and voluntarily determines that such waiver is in his best interest. In circumstances such as those outlined by your letter, such waiver would serve the ultimate purpose of the statute, which is to expedite administrative environmental licensing and permitting procedures. A contrary conclusion would frustrate the legislative intent of attempting to more expeditiously and fairly deal with licensing procedures in environmental matters by encouraging denials and reapplications or litigation when certain circumstances are present. The 30-day time limitation, however, does not appear to raise the denial and reapplication problems which could exist under the 90-day time requirements and apparently instead was intended to operate on the agency to either perform certain functions and give certain notices to the applicant within 30 days or be estopped in the future from asserting such matters as grounds for the denial of the license applied for. It is not evident that the waiver of the 30-day requirement would in any way benefit an applicant or further the purposes of the statute. Therefore, the 30-day time limitation or requirement prescribed by s. 120.60(2), F. S. (1976 Supp.), cannot be waived by the applicant for a license or the licensing agency. Accordingly, unless judicially interpreted to the contrary, an applicant for an environmental license may intelligently, freely, and voluntarily and without any pressure or coercion by the licensing agency waive his rights under the 90-day time limitation prescribed by s. 120.60(2). F. S., in order to suspend the operation of the 90-day time limitation prescribed therein.
Prepared by: Sharyn L. Smith Assistant Attorney General