458 So.2d 798 (1984)
CONTINENTAL REAL ESTATE EQUITIES, INC., Individually and As General Partner of Continental Real Estate Partners, Ltd., and Continental Real Estate Partners, Ltd., Appellants,
v.
RICH MAN POOR MAN, INC., Appellee.
No. 84-821.
District Court of Appeal of Florida, Second District.
October 17, 1984.
Rehearing Denied November 16, 1984.
J. Brent Walker and David Hywel Leonard of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellants.
Ernest M. Jones, Jr., Lakeland, for appellee.
GRIMES, Acting Chief Judge.
This appeal involves the issue of whether a shopping mall owner waived its right to collect a proportionate share of real estate taxes from one of its tenants as provided by the lease.
Appellee/lessee rented space in Lakeland Mall from appellant/lessor under a written five-year lease commencing April 1, 1981. The lease required the lessee to pay as additional rent its proportionate share of real estate taxes levied upon the mall. The tax payments were to be made in monthly increments based upon the most current notice of assessment or tax bill, and thereafter adjusted to reflect the actual taxes for the applicable period. As a result of oversight, the lessor did not bill appellee for its proportionate share of taxes from April 1981, through March 1983. On May *799 3, 1983, the lessor realized that the lessee had not been paying the taxes and made a demand for the back taxes.
After the lessee refused to pay the taxes, the lessor brought suit in county court for collection of the taxes and for eviction of the lessee from the mall. The lessee counterclaimed for more than the county court's jurisdiction, and the matter was transferred to circuit court. Following a hearing, the judge concluded that the appellant's inattention to the tax charges constituted a waiver of its right to collect the charges for the years 1981 and 1982 and denied the appellant's suit for eviction. The court ruled that the lessee was obligated for its share of the taxes commencing on January 1, 1983. The counterclaim was severed and remains pending. The lessor appeals all aspects of the ruling, and the lessee cross-appeals contending that the lessor also waived the taxes for the first three months of 1983.
A waiver is an intentional or voluntary relinquishment of a known right. Fireman's Fund Insurance Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967). It may be inferred from one's conduct but does not arise from forebearance for a reasonable time. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945). In Mercede v. Mercede Park Italian Restaurant, 392 So.2d 997 (Fla. 4th DCA 1981), the court held that the landlord's failure to bill his tenant for monthly cost of living increases for a period of twenty-one months did not constitute a waiver of the right to collect the back charges.
Since the lessor possessed the data for computation of the monthly tax charges, it may be assumed that the lessor had a responsibility to send monthly bills to the lessee for its share of the taxes. Therefore, its unexplained failure to do so, when coupled with the testimony of the former mall manager that he told the lessee's president that there would be no real estate tax charges for the first year of the lease is sufficient to support the court's finding of waiver to that extent. Beyond that point the record reflects the mere absence of monthly billings which, by itself, is insufficient evidence of a waiver.
Under the circumstances, the court properly exercised its discretion in refusing to order an eviction. Our determination of the lessor's claim for back tax charges necessarily disposes of the cross-appeal adversely to the position of the lessee.
We affirm the judgment in all respects with the exception of the duration of the waiver. We remand the case with directions to enter an order reflecting the lessee's obligation for its share of the taxes after April 1, 1982.
SCHEB and CAMPBELL, JJ., concur.