# LAWLISS v WHALER'S PLAZA, INC.

## Case No. 85-10046-CC-19

County Court, Monroe County

February 7, 1986

### APPEARANCES OF COUNSEL

**Franklin D. Greenman** for plaintiff.

**Thomas D. Wright** for defendant.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

Plaintiffs, Donald B. Lawliss and Gwendolyn J. Lawliss, entered into a written lease agreement with defendant, Whaler's Plaza, Inc., to rent space 4-C in Building #4 of defendant's shopping plaza. The lease called for plaintiff to use the space for no other purposes or uses whatsoever "except as a retail store", the term of the lease to commence October 1, 1984 and terminate September 30, 1985. The agreed

rental being $600. a month. The lease was signed September 6, 1984 and the plaintiffs were permitted access to the leasehold prior to October 1, 1984 for purposes of making improvements to the interior attendant to opening their business. Plaintiffs were starting an Arts Supply business and the store would require shelving and various other amenities such as carpeting, telephone, interior painting, the printing of business cards and their logo on the store window.

Plaintiffs, however, were refused an occupational license by the County to conduct their business at unit 4-C due to the fact that defendant had not yet obtained a Certificate of Occupancy for building #4 from the County. Defendant believed that the required "CO" would be forthcoming from the County as soon as the central air conditioning unit was in place. Later defendant was informed that the "CO" would be withheld until defendant would have a bathroom accessible to the handicapped for his structure. On November 27, 1984 the defendant finally received his "CO" for the building.

Plaintiffs, being unable to secure an occupational license from the County to allow them to conduct a retail business at the leasehold, became unwilling to purchase business inventory to stock the store which they were not certain as to if and when it would ever be permitted by the County elected to cancel the lease at the end of October 1984 and find another location and instituted the within action seeking return of their rental moneys and seeking reimbursement for the expenses incurred in preparing the unit for business.

Defendant has counter-claimed for damages for breach of lease and asserts that Plaintiffs knew of Defendant's problems shortly after the commencement of the lease and agreed to continue the lease so as to give defendant additional time to solve its building problems with the County. Defendant also contends that Defendant would have complied with the lease but for unexpected problems encountered with the County's building department—apparently the requirement for handicap bathrooms came totally unanticipated to the defendant.

It is a maxim of contract law that an unexpected difficulty, expense or hardship involved in the performance of a contract will not excuse the promisor from rendering due performance of his undertaking. *Brumby & Simpson, Inc. v. Peninsulta Utilities Corp.*, 169 So. 2d 499 (Fla. 3d DCA 1964).

The condition precedent under the lease had not been met by the defendant lessor in that from October 1, 1984 (the start of the lease) to November 27, 1984, unit 4-C in Building 4 of the Whaler Plaza Shopping Plaza was not a location from which a retail business could

**37**

be operated—"retail store" being the only permitted use under the terms of the lease. In this connection it is well to note that paragraph seventeen of the lease makes time to be of the essence. The fact that October 1st came about and and plaintiffs were willing to forebear and give the defendant landlord additional time to resolve the building problems is understandable as it would have been difficult for plaintiffs to do otherwise due to their investment in improvements made to the unit in reliance on the performance of the lease.

This Court does not find that the plaintiff thereby consented to waive the date that the lease was to commence to some indeterminate future date when the problems would become resolved nor does the Court find that the parties have come to an understanding as to how long plaintiffs would wait for a certificate of occupancy to be issued to the defendant. At the very best all that was agreed to was for plaintiffs to forebear a reasonable period of time before terminating the lease and the Court is not prepared to say that plaintiffs did not forebear for a reasonable period of time, which was 30 days or until November 1, 1984.

In any event, the law of Florida is clear that waiver of performance of a contract does not arise from forbearance for a reasonable time. *Masser v. London Operating Co.*, (1932) 106 Fla. 474, 145 So. 72; *Gilmin v. Butzloff* (1945) 155 Fla. 888, 22 So.2d 263.

The Court finds that the defendant, Whaler's Plaza, Inc., is indebted to the plaintiffs, Donald B. Lawliss and Gwendolyn J. Lawliss, in the sum of $2,274.36, therefore, it is

CONSIDERED, ORDERED AND ADJUDGED that plaintiffs do have and recover of and from said defendant the sum of $2,274.36 damages, together with the costs in this behalf expended and herein taxed at $58.50, for all of which let execution issue.

[Said sum representing the following: $600.00 security deposit; $29.74 new service telephone; $673.50 carpeting; $54.54 paint; $630.00 October rent; $67.53 electric connection fee; $22.05 business cards; $5.87 paint; $70.85 lumber; $37.33 lumber; and $105.00 window lettering.]

Defendant's counter-claim is hereby denied.

The Court reserves jurisdiction to enter such other and further orders relating to reasonable attorneys fees as may be mete and proper.