SCHWARTZ, Chief Judge
(specially concurring).
While I entirely agree with the result reached by the majority, I would base it upon another, perhaps simpler analysis. I think it clear that, under the unequivocal terms of its contract with the seller,[1] the broker earned half of the deposit in the *72 first, aborted transaction. Since there are no facts upon which a waiver of or estoppel to that claim can be constructed, Fireman’s Fund Ins. Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967); 22 Fla.Jur.2d Estoppel and Waiver §§ 86-7 (1980), the vested right to recover simply remained fully in effect.

. I cannot agree with the court that there was any obligation or even any occasion to reveal this fact to the seller, since it obviously already possessed the same information concerning the terms of its own agreement. Cf. L & N Grove, Inc. v. Chapman, 291 So.2d 217 (Fla. 2d DCA 1974), cert. dismissed, 298 So.2d 412 (Fla.1974).