632 So.2d 110 (1994)
Rafael TORRES and Haydee Rivera Lueckhardt, Appellants,
v.
K-SITE 500 ASSOCIATES and Chicago Title Insurance Co., Appellees.
No. 93-275.
District Court of Appeal of Florida, Third District.
February 8, 1994.
Rehearing Denied March 15, 1994.
Bailey Hunt Jones & Busto and Raul A. Arencibia, Miami, for appellants.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Steven M. Goldsmith and Stevan J. Pardo, Miami, for appellees.
Before NESBITT, COPE and LEVY, JJ.
LEVY, Judge.
In this action to recover a purchase money deposit for a residential condominium, we *111 reverse the final judgment entered against the plaintiff buyers.
On October 22, 1989, the appellants, Rafael Torres and Haydee Rivera Lueckhardt [hereafter collectively referred to as "the buyers"], signed a contract to purchase a condominium unit from appellee K-Site 500 Associates [the "seller"], and gave the seller a deposit of $25,580. Ms. Lueckhardt and Mr. Torres, although engaged, were not married at the time the purchase contract was signed. Ms. Lueckardt indicated that she wanted to execute the purchase agreement in her name only, but the seller insisted that both parties sign the agreement. According to the buyers, the seller informed them that even though Torres' name was on the agreement, Lueckhardt would be able to finance and close the purchase in her name only. Obviously, this statement was incorrect, because as a consequence of both buyers having signed the purchase contract, both buyers were later required to sign and apply for mortgage financing. However, apparently in reliance upon the seller's representation, Lueckhardt originally submitted the application in her name only, and was told by the lender that she would be able to obtain a thirty-year fixed mortgage conventional loan at an interest rate of 9.625%.
The purchase contract which the parties entered into, contained a mortgage financing clause (in Paragraph 3), which provided that the buyers' obligation to close was contingent upon the buyers obtaining a binding commitment for a mortgage loan. The clause further provided that the mortgage financing contingency would be deemed waived if the buyers failed to submit a mortgage application within ten days of receiving notification from the seller to submit an application.
On February 25, 1991, the seller sent a letter to the buyers: "Special news announcement! Tower 500 is nearing completion and before you know it, you will be receiving scheduling information regarding your closing." At the bottom of the page in the fifth paragraph, the letter stated: "This letter shall serve as formal notification under Paragraph three (3) of the Purchase Agreement. We would suggest that you review this section of your Purchase Agreement in order to refamiliarize yourself with your obligations under this Paragraph."
Two months later, and well past the ten-day application window of Paragraph 3, Ms. Lueckhardt alone submitted an application for a mortgage. Thereafter, the lender notified Ms. Lueckhardt that since Mr. Torres had also signed the purchase contract, he was required to join in the mortgage application. However, because Mr. Torres apparently had insufficient income and bad credit, the lender would only commit to a non-conventional loan at an interest rate of 11%. The seller knew of the late application for financing, but did not assert any waiver of the mortgage financing contingency at that time, and even subsequently offered the buyers an extension of the closing date in order to obtain satisfactory financing.
The buyers were ultimately unable to obtain financing for a conventional mortgage, and sought a refund of their purchase money deposit. The seller refused to refund the deposit, and the buyers filed suit seeking to recover the purchase money deposit.
At trial, the seller argued that the buyers had not made a good faith effort to secure mortgage financing, as evidenced by their failure to comply with the provision requiring submission of a mortgage application within the ten-day window. Thus, the seller asserted that the buyers were estopped from using the mortgage financing contingency clause as a defense for their failure to close. The buyers, on the other hand, contended that the seller's conduct constituted a waiver of its right to assert the ten day notification clause, and thus the buyers were not estopped from utilizing the mortgage financing contingency clause as a defense. The trial court entered a final judgment in favor of the seller, denying the buyers recovery of their deposit.
We reverse based upon our finding that the letter sent by the seller was inadequate to trigger the ten-day financing window of the contract. Significantly, the letter never stated that a mortgage application must be submitted within ten days. To the contrary, the letter implied that the buyers had plenty of time to explore financing options. *112 This is especially evidenced by the language in the first paragraph of the letter which started out by informing buyers that they would be receiving scheduling information regarding their closing soon, and then stated: "The time has arrived for you to make a decision as to whether you will be seeking financing for your unit." (Emphasis added.) The reference at the bottom of the page in the fifth paragraph, stating: "This letter shall serve as formal notification under Paragraph Three (3) of the Purchase Agreement," was insufficient to constitute reasonable notification that the buyers only had ten days in which to apply for mortgage financing. Because the letter did not specifically state that application must be made within ten days, the asserted "notice" was ineffective to trigger the ten-day application period, and consequently the buyers did not violate this provision of the agreement by waiting two months to apply for financing.
Moreover, we find that the seller's actions constituted an implied waiver of the ten-day provision, thus further supporting our finding that the buyers were not estopped from asserting the mortgage financing contingency clause as a defense for their failure to close. A waiver is the intentional relinquishment of a known right and may be express or implied. Thomas N. Carlton Estate v. Keller, 52 So.2d 131 (Fla. 1951); Continental Real Estate Equities, Inc. v. Rich Man Poor Man, Inc., 458 So.2d 798 (Fla. 2d DCA 1984); Fireman's Fund Ins. Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967). A party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945); Miami Dolphins, Ltd. v. Genden & Bach, P.A., 545 So.2d 294 (Fla. 3d DCA 1989); McNeal v. Marco Bay Assoc., 492 So.2d 778 (Fla. 2d DCA), rev. denied, 500 So.2d 544 (Fla. 1986); Singer v. Singer, 442 So.2d 1020 (Fla. 3d DCA 1983).
Here, the seller impliedly waived the right to claim that the buyers were estopped from asserting the mortgage contingency provision. This is so because of the seller's conduct in failing to promptly invoke the notice provision, and in electing to allow the buyers to proceed with their applications and plans for the closing, despite the perceived violation. See Thomas N. Carlton Estate v. Keller, 52 So.2d at 131; Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); American Somax Ventures v. Touma, 547 So.2d 1266 (Fla. 4th DCA 1989). This course of conduct placed the buyers off guard, and lulled them into believing that the seller was not intending to enforce the perceived breach of the ten-day provision. Under these circumstances, it would be contrary to our concepts of equity and justice to allow the seller to claim a forfeiture of the deposit.
It is a fundamental principle that equity prefers not to enforce the breach of contractual provisions which result in extreme forfeiture. American Fire and Casualty Company v. Collura, 163 So.2d 784 (Fla. 2d DCA), cert. denied, 171 So.2d 389 (Fla. 1964). Equity abhors forfeiture, and a party entitled to a forfeiture may be estopped from asserting that right, if the result would be unconscionable. Dade County v. City of North Miami Beach, 69 So.2d 780 (Fla. 1953); Rivers v. Amara, 40 So.2d 364 (Fla. 1949); White v. Brousseau, 566 So.2d 832 (Fla. 5th DCA 1990). Clearly it would be unconscionable to allow a forfeiture of the deposit, where the seller's conduct indicated acquiescence in the asserted breach, and where the buyers did proceed diligently in attempting to obtain financing and comply with the spirit of the agreement. See Hyman v. Cohen, 73 So.2d 393 (Fla. 1954); Rader v. Prather, 100 Fla. at 591, 130 So. at 17; Enfinger v. Order of United Commercial Travelers of America, 156 So.2d 38 (Fla. 1st DCA 1963).
Accordingly, we reverse the judgment below with instructions to enter judgment in favor of the buyers for the return of their deposit.
Reversed and remanded with instructions.