PER CURIAM.
Appellant Caronte Enterprises, Inc. (seller), appeals an adverse judgment in a breach of contract action involving the purchase and sale of real property. We reverse.
The record reflects that appellees Jerome and Gwen Berlin (buyers) entered into a standard real estate purchase and sale contract with the seller, which provided that the seller would repair certain damage prior to closing. No specific closing date was set, no time limits were delineated for effectuating the repairs, and the standard “time is of the essence” clause was crossed out of the contract.
The buyers complained for several months thereafter that the repairs were not progressing rapidly enough. However no formal demand for completion by a date certain was made. Eventually, the seller informed the buyers that all repairs had been completed pursuant to the contract terms. The buyers disagreed and brought suit. A jury verdict was rendered in favor of the buyers, and the seller’s subsequent motion for judgment notwithstanding the verdict was denied.
We find that the trial court erred in failing to enter a judgment notwithstanding the verdict in favor of the seller. This is so for the plain and simple reason that the contract did not make time of the essence as to closing, and the buyers never demanded completion of the repairs by a date certain. See American Somax Ventures v. Touma, 547 So.2d 1266 (Fla. 4th DCA 1989); Henry v. Ecker, 415 So.2d 137 (Fla. 5th DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983). Accordingly, we reverse and remand with directions to enter a judgment notwithstanding the verdict in favor of the seller.
Reversed and remanded with instructions.