BARFIELD, C.J.
This is an appeal from an order granting summary judgment in favor of plaintifPap-pellee Gary J. Pearson, and denying the summary judgment motion of appellant Fort Walton Beach Lincoln-Mercury, Inc. (FWBLM), in a suit arising out of the termination of Pearson’s dealership/management agreements with Ford Motor Company and its subsidiaries.[1] We reverse and remand for entry of summary judgment in favor of FWBLM.
Notwithstanding Pearson’s technical arguments, which we find to be without merit, this record demonstrates that there is no dispute with regard to the material facts: Pearson’s management agreement was effectively terminated at the FWBLM board meeting on February 26, 1991; Pearson was given actual, albeit oral, notice at that meeting that the agreement was terminated; FWBLM never gave him written notice of termination, as required by the management agreement; following the aforesaid board meeting, the parties acted in a manner which indicated that the agreement was terminated; Pearson’s monthly salary at the time of the termination was $5,500; under the termination provision of the management agreement, FWBLM gave him a check for $7,618.87 on March 12, 1991, which he endorsed and cashed the next day; and Pearson did not raise the argument that FWBLM breached the management agreement by failing to give him written notice and by failing to pay him under the termination provision until suit was filed in circuit court nearly four years later. Applying the law of contracts[2] to these undisputed facts, we find *861 that by his actions following the aforesaid FWBLM board meeting, Pearson waived the contractual requirement of written notice.
The summary judgment for Pearson is REVERSED and the case is REMANDED to the trial court for entry of summary judgment for FWBLM on count X of the complaint.
VAN NORTWICK and PADOVANO, JJ., CONCUR.

. The facts of this case are summarized in our previous opinion, Pearson v. Ford Motor Co., 694 So.2d 61 (Fla. 1st DCA 1997).

. See Mark v. Hahn, 111 So.2d 5 (Fla.1965) (waiver of a contractual condition “may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived”); Torres v. K-Site 500 Associates, 632 So.2d 110 (Fla. 3d DCA 1994) ("A party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished”); American Somax Ventures v. Touma, 547 So.2d 1266 (Fla. 4th DCA 1989) (failure to give written notice of extensions of the closing date on a home purchase agreement was waived through the conduct of the purchasers); Crosslands Properties, Inc. v. Univest Crossland Trace, Ltd., 516 So.2d 320 (Fla. 2d DCA 1987) (under some circumstances, "written contracts can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification”); Arbogast v. Bryan, 393 So.2d 606 (Fla. 4th DCA 1981) (plaintiff waived strict compliance with a contractual agreement regarding payment of his commissions where he "voiced no objection for over six years”); Ferslew v. Relaford, 351 So.2d 368 (Fla. 1st DCA 1977) (landlord waived strict performance of the lease contract when she "failed to complain of any of the alleged defaults within a reasonable time”). See also, Little Beaver Enterprises v. Humphreys Railways, Inc., 719 F.2d 75 (4th Cir.(Va.) 1983) (a vessel owner was not barred from recovering from a ship repairer for breach of express warranty because of the vessel owner’s failure to comply with a contractual 30-day written notice requirement, because the ship repairer had actual notice and acted upon it); Canada v. Allstate Ins. Co., 411 F.2d 517 (5th Cir.Fla.) 1969) (failure *861 to give an insurance agent written notice of termination did not entitle him to recover commissions on policy renewals after the agent accepted severance pay and indicated that his employment had been terminated).