PER CURIAM.
The plaintiff buyer appeals from a final order dismissing a complaint for the return of her deposit in a failed real estate transaction. The apparent basis of the ruling was that the plaintiff had not given timely written notice of cancellation as the terms of the agreement arguably required.
We reverse as to the seller-deposit holder, La Grande Properties, Inc., because the complaint — perhaps unnecessarily— contained adequate allegations that the requirement in question had been waived by the actions of the seller. See Torres v. K-Site 500 Assocs., 632 So.2d 110 (Fla. 3d DCA 1994); American Somax Ventures v. Touma, 547 So.2d 1266 (Fla. 4th DCA *420 1989).[1] The case is remanded for appropriate determination of the claim against La Grande on the merits.
As to the individual defendant, Raul Vera, the principal of La Grande, however, we agree that no allegation sufficient to pierce the corporate veil has been, or could be made. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). Accordingly, the judgment in his favor is affirmed.
Affirmed in part; reversed in part.

. The order granting attorney's fees is likewise reversed.