998 So.2d 671 (2009)
TOWN REALTY OF WEST FLORIDA, INC., Appellant,
v.
Kris DEMARAIS and Kathleen Demarais, Appellees.
No. 4D08-608.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
Rehearing Denied February 3, 2009.
*672 Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota and Harllee & Bald, P.A., Bradenton, for appellant.
James D. Ryan of Ryan & Ryan Attorneys, P.A., North Palm Beach, for appellees.
KLEIN, J.
The trial court entered a summary judgment in favor of the buyers under a residential real estate contract because a condition was not satisfied. We conclude the condition was waived and reverse.
The contract was for the purchase of a home site on which the seller was to construct a home, and the buyers signed the contract on June 22, 2006. The condition is:
TIME FOR ACCEPTANCE; EFFECTIVE DATE: If this Agreement is not executed by both parties and a copy thereof delivered to each party on or before 7/03/06 this Agreement shall be null and void.
Although both parties had signed the contract by June 23, the seller did not deliver to the buyers a copy of the signed contract until several days after the July 3rd deadline. The buyers, however, accepted the certified mail delivery of the contract on July 11th, and on that same day made design changes to the home which were incorporated as an addendum to the contract and signed on July 14th.
Eight days after that the buyers attended a pre-construction meeting and signed a document acknowledging that the seller was authorized to start construction based on the plan and options as agreed at that time, along with another addendum providing for upgraded lighting fixtures. On August 23rd, the buyers sent an e-mail asking when their next payment was due and where they should send the check.
It was not until September 15, 2006, that counsel for the buyers sent a letter to seller asserting that the contract was void because the buyers had not received a signed copy prior to July 3, 2006, and demanded a return of the deposit. The seller refused to return the deposit and the buyers filed this lawsuit.
Both sides moved for summary judgment and the trial court concluded that because the contract provided that it was void if a signed copy was not delivered to each party on or before July 3rd, the buyers were entitled to their deposit. Sellers argue that the buyers waived the condition.
In Bush v. Ayer, 728 So.2d 799 (Fla. 4th DCA 1999), this court enforced a contract for the purchase of real estate, where the buyer's manner of acceptance was not the one specified by the seller, because we concluded that the sellers had waived the requirement by failing to protest until the time for closing. See also Am. Somax Ventures v. Touma, 547 So.2d 1266 (Fla. 4th DCA 1989) (by failing to object, buyers waived the contractual requirement of written notice of the extension of the closing date).
Buyers place great emphasis on the fact that the contract provided that it would be "void" if each party had not received a signed contract by the deadline, but that argument is without merit. Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 So. 947 (1908) *673 (a clause declaring a contract void if a certain event occurs can be waived).
We reverse the summary judgment and remand for entry of a summary judgment in favor of the seller.
FARMER and DAMOORGIAN, JJ., concur.