STONE, Judge.
We reverse an order that found medical payment coverage under an Allstate policy notwithstanding that Appellee’s automobile was removed from the policy as an insured vehicle prior to the accident.
Melinda Cipriani’s car was covered under her father’s policy. Her sister Debbie worked in their father’s insurance agency and regularly handled his business and personal affairs, which included a history of her adding and deleting vehicles on her father’s policy by telephoning Don Leach, the Allstate agent who had handled the family’s automobile insurance business for several years. The record reflects, essentially without material dispute, that Debbie was authorized by the father, generally as well as in this case, to do so. Following Debbie’s call, Leach notified Allstate of the deletion in writing.
No written notice was executed by the insured. There is no provision in the policy for oral cancellation. The policy provides, with respect to cancellation, “you may cancel by writing....” The trial court concluded that this policy provision applied and because there was no cancellation by the insured in writing, the policy remained in effect.
We conclude that the telephone call to the agent was effective to remove Appellee’s car from the policy. Insurance policy provisions permitting written cancellation generally are considered to be for the benefit of the insurer, and subject to waiver by the insurer. See Allstate Ins. Co. v. Doody, 193 So.2d 687 (Fla. 3d DCA 1967). See also State Farm, Auto. Ins. Co. v. James, 562 N.E.2d 777 (Ind.App. 1st Dist.1990); Schroeder v. Horack, 592 S.W.2d 742 (Mo.1979). We can discern no reason for concluding that such a provision may not be waived, particularly where the insurance company does not seek the protection of the policy provision, the parties have a history of adding and deleting vehicles by calling the agent, and the essential facts are clear and consistent with that past history.
Because we hold that the policy provision for a writing was waived, we need not determine whether deleting a vehicle from a policy constitutes a “cancellation,” or whether the writing requirement is satisfied by the agent’s authorized submission of the written form on behalf of the insured.
As to all other issues raised, we find no error or abuse of discretion. The final order is therefore reversed and remanded for further proceedings consistent with this opinion.
DELL, C.J., and WARNER, J., concur.