642 So.2d 138 (1994)
Joe HABIE, Appellant,
v.
Barry E. KRISCHER, as State Attorney for the Fifteenth Judicial Circuit, and Betty C. Resch, as one of his assistant State Attorneys, Appellees.
No. 93-2480.
District Court of Appeal of Florida, Fourth District.
September 14, 1994.
*139 Entin, Schwartz & Margules, P.A., Miami, and Jon May, Coconut Grove, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Joan Fowler and John Tiedeman, Asst. Attys. Gen., West Palm Beach, for appellees.
KLEIN, Judge.
Joe Habie, a resident of Guatemala, removed his two children from Palm Beach County to Guatemala in violation of a court order. Following the issuance of a warrant for his arrest he filed this declaratory action attacking the constitutionality of section 787.04, Florida Statutes (1993) on the ground that it is too vague. We uphold the validity of the statute.
Section 787.04 provides in part:
(1) It is unlawful for any person in violation of a court order, to lead, take, entice or remove a minor beyond the limits of this state, or to conceal the location of a minor, with personal knowledge of the order.
* * * * * *
(5) It is a defense under this section that a person who leads, takes, entices or removes a minor beyond the limits of the state reasonably believes that his action was necessary to protect the minor from child abuse as defined in 827.04.
Section 827.04, Florida Statutes (1993) provides in part:
(1) Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, inflicts or permits the infliction of physical or mental injury to the child, and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to such child, shall be guilty of a felony of the third degree... .
The facts were set forth by the trial court as follows:
Plaintiff, Joe Habie, is a resident of and domiciled in Guatemala. Following the Final Judgment of Dissolution of Marriage, the court awarded primary residential custody of Plaintiff's two children to Plaintiff's former spouse. Plaintiff received shared parental responsibility of the minor children, but visitation rights were restricted to the United States.
On April 13, 1992, while his former wife was vacationing, Plaintiff visited his children in Boca Raton, Florida. During his visit, he allegedly discovered evidence of child abuse. Out of concern for his children, Plaintiff violated the custody decree *140 and took the children back to Guatemala to reside.
On August 4, 1992 Judge Wessel issued a warrant for Plaintiff's arrest. The warrant alleged violations of § 787.04(1) for unlawfully removing a minor from the state in violation of a court order. Plaintiff remains in Guatemala and has not been arrested in Florida on Defendant's charge.
Habie argues that section 787.04(5), supra, which provides that it is a defense if the person removing the minor from the state in violation of a court order "reasonably believes his action was necessary to protect the minor from child abuse" is unconstitutionally vague. He specifically argues that the term "reasonably believes" fails to provide adequate guidance to a parent as to what action is permitted.
Judge Burk, the trial judge, has provided a scholarly analysis, with which we agree, and we therefore adopt it:
A vague statute is one that fails to give adequate notice of what conduct is prohibited and which because of its imprecision, may also invite arbitrary and discriminatory enforcement. S.E. Fisheries v. Dept. of Nat. Resources, 453 So.2d 1351, 1353 (Fla. 1984). A statute will be held void for vagueness if the conduct forbidden by it is so unclearly defined that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." Powell v. State, 508 So.2d 1307, 1310 (Fla. 1987). However, "to make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of acts or conduct prohibited." Id. It is only necessary that the language of the statute convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Id. Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. S.E. Fisheries, supra, [at] 1353. Further, as a general rule, the question of "reasonable beliefs" is a factual determination which should be left for the jury. Lusk v. State, 531 So.2d 1377 (Fla. 2d DCA 1988). [The State Attorney argues] that the [phrase] "reasonably believes" as used in Florida Statute § 787.04(5) is not a new concept in the Florida criminal law. A number of Florida criminal statutes afford the defendant an affirmative defense based on his reasonable belief. Specifically § 776.012 Fla. Stat. provides that a person is justified in the use of force when he "reasonably believes" such conduct is necessary to defend himself or to prevent death or great bodily injury. Likewise, § 776.05 permits a law enforcement officer to use force when he "reasonably believes" it is necessary to defend himself. Further, § 832.05 makes it unlawful to issue checks when the maker knows that he has insufficient funds in deposit to cover the checks. However, the section does not apply when the payee "has reason to believe" that sufficient funds were not on deposit when the check was issued. The court, in Dirk v. State, 305 So.2d 187 (Fla. 1974), upheld this statute as valid when the phrase "reason to believe" was constitutionally attacked. The Dirk court stated that § 832.05 was neither vague nor ambiguous because it conveyed a sufficient warning as to the proscribed conduct when measured by common understanding and practice.
Further, the United States Supreme Court declared in United States v. Ragen, [314 U.S. 513, 522,] 62 S.Ct. 374, 378[, 86 L.Ed. 383] (1942) that "the mere fact that a penal [statute] is so framed as to require a jury upon occasion to determine a question of reasonableness is not sufficient to make it too vague to afford a practical guide to permissible conduct." The court in Donovan v. Kaszychi [Kaszycki] & Sons Contractors, Inc., 599 F. Supp. 860, 871 (S.D.N.Y. 1984) specifically held that "reasonable belief" is an objective standard. Further, a statute is not facially void for vagueness simply because there might be a marginal situation where the statutory meaning would be questionable. United States v. Ortiz, 738 F. Supp. 1394 (S.D.Fla. 1990). Finally, in upholding a statute using the phrase "reasonably should have known", the People v. Rodriquez, [42 Cal.3d 730, 230 Cal. Rptr. 667, 700,] 726 P.2d 113, 146 (Ca. 1986) court stated that "this *141 argument is troubling only if one believes the average juror is unable to ascertain and apply the meaning of `reasonably should have known' in instruction reiterating the statutory language. We doubt this is the case ... Moreover, the average juror has the ability to cull from everyday experience a standard by which to assess the ability of a defendant to know the status of his or her victim." Id. at [701, 726 P.2d at] 147.
Finally, Plaintiff's arguments to void § 787.04 Fla. Stat. must fail because he does not support any of his contentions with sufficient case law. None of Plaintiff's cases address the issue of the constitutionality of a statute which provides a defendant with an affirmative defense based upon his "reasonable belief" that his action was justified or necessary. In United States v. Cohen Grocery Co., 225 [255] U.S. 81, 41 S.Ct. 298 [, 65 L.Ed. 516] (1924) [1921], the Supreme Court determined the constitutionality of a statute making it unlawful to charge "any unjust or unreasonable rate or charge in handling or dealing with any necessaries." This determination does not address "reasonable beliefs" and is clearly distinguishable from the case at hand....
Thus, a constitutional challenge based on vagueness questions "whether ordinary people will understand what the statute requires or forbids when measured by common understanding and practice." State v. Bussey, 463 So.2d 1141, 1144 (Fla. (1986) [1985]). The terms "reasonable" and "believes" are words of common usage found in any standard dictionary. Any person of ordinary intelligence understands their meaning. Further, the average juror has the ability to determine the question of "reasonable belief", since the reasonableness standard has been sufficiently utilized in several other Florida criminal statutes and upheld by the United States Supreme Court. Therefore, a statute that affords an affirmative defense to a person criminally charged based on his "reasonable belief" should not be held unconstitutionally vague. This Court therefore denies Plaintiff's Motion for Summary Judgment and grants Defendants' Cross Motion for Summary Judgment upholding the statute as constitutionally valid.
Habie primarily relies on State ex rel. Lee v. Buchanan, 191 So.2d 33, 37 (Fla. 1966), which involved a statute making it a felony to charge more than "reasonable charges or fees" for legal services, medical expenses, etc. in connection with adoptions. A lawyer, charged with having received compensation in excess of what was reasonable, attacked the statute as being unconstitutionally vague. Our Supreme Court agreed, stating:
Throughout the history of the legal profession, attorneys have remained highly individualistic in the area of legal fees. This is so, because there are such considerations as the degree of a lawyer's proficiency and success, his professional and ethical standing and reputation, his specialization or experience and training, and the resultant desire by a client for the services of a certain attorney.... One jury and judge, applying the statute, could find as unreasonable a given fee, while another jury and judge under identical circumstances could conclude that a larger fee was proper. This could be especially true as to the range of fees found reasonable in the so-called higher and lower income and cost living areas of the state. An attorney, searching earnestly for precedents in an effort to keep to what is safe, could not possibly know but could only speculate as to why one lawyer was adjudged a felon and the conduct of another deemed not violative, when the fee charged by the latter was perhaps considerably in excess of the one charged by the former under a seemingly parallel situation....
We disagree with Habie that the statute in the present case cannot be distinguished from the statute in Lee. We think that the standard requiring people to reasonably believe that their actions are necessary to protect a minor from child abuse (particularly when child abuse is defined), is a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice". Marrs v. State, 413 So.2d 774, 775 (Fla. 1st DCA 1981). Clearly, the statute in Lee, making it a felony to charge unreasonable professional fees, without any *142 guidelines, was not sufficiently definite to warn as to the proscribed conduct.
In State v. McCoy, 143 Wis.2d 274, 421 N.W.2d 107 (1988), a statute making it a felony to take a child from a parent in violation of a court order provided an exception if the action was "taken to protect a child from imminent physical harm". The Wisconsin Supreme Court upheld the validity of the statute against a vagueness challenge, reading a "reasonableness" requirement into the statute. The Florida statute is, of course, more specific than the Wisconsin statute since it has the reasonableness standard built in.
We conclude the statute is not unconstitutionally vague and affirm.
FARMER, J., and MAY, MELANIE G., Associate Judge, concur.