862 So.2d 753 (2003)
VISIBLE DIFFERENCE, INC., Appellant,
v.
The VELVET SWING, L.L.C., a Florida limited liability company, and Thomas G. Bongard, Appellees.
No. 4D02-2230.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
*754 Philip J. Gouze of Philip J. Gouze, P.A., Fort Lauderdale, for appellant.
Jeffrey L. Kravetz, P.A., Coral Gables, John W. Little, III, P.A., and Shannon L. Bothwell of Steel Hector & Davis LLP, West Palm Beach, for appellee The Velvet Swing, L.L.C.
POLEN, J.
This appeal arises from the trial court's dismissal of appellant's complaint with prejudice. That ruling was erroneous, and we reverse that order for further proceedings.
Visible Difference and Velvet Swing entered into an Asset Purchase Agreement whereby Visible Difference was to purchase the assets of Velvet Swing. The agreement provided that the transaction would close on or before October 31, 2001 provided all contingencies and provisions of the agreement were met. It also provided that in the event an extension of time should become necessary for the full compliance with all contingencies and provisions of this agreement, both parties may agree to such extension in writing. The agreement contained several contingencies and conditions precedent and provided that such contingencies and conditions be satisfied in full without qualification or exception whatsoever.
However, Visible Difference believed that Velvet Swing was trying to sabotage the deal. At the scheduled date of closing, contingencies were not satisfied and the sale did not close.
Visible Difference filed a complaint against Velvet Swing. The four count complaint detailed the terms of the agreement, sought specific performance of the agreement against Velvet Swing, a declaratory judgment, relief based on alleged tortious interference, and relief based on Velvet Swing's breach of contract and breach of covenant of good faith and fair dealing.
In response, the defendants filed a motion to dismiss. The motion to dismiss pointed out that the contingencies were not satisfied and that the agreement provided that, in order to be waived, both parties had to waive them in writing. The trial court granted the motion to dismiss and this appeal timely follows.
Visible Difference alleges that the trial court erred in dismissing its complaint because although contingencies were not satisfied, they were waived.
A complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. All reasonable inferences must be drawn in *755 favor of the pleader. Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review.
Taylor v. City of Riviera Beach, 801 So.2d 259 (Fla. 4th DCA 2001).
This agreement contained several contingencies and conditions precedent and the contract provided that such contingencies and conditions "be satisfied in full without qualification or exception whatsoever." One such contingency was that Visible Difference obtain all appropriate zoning approvals.
Visible Difference complains that the complaint should not have been dismissed based on Velvet Swing's assertion that it failed to satisfy the zoning condition precedent. Rather, Visible Difference contends it waived this contingency.
Velvet Swing contends that all the contingencies, including the zoning contingency, were mutual and not for the sole benefit of Visible Difference. Velvet Swing points to the language in the agreement requiring both parties to satisfy contingencies and that such satisfaction be without qualification or exception. In addition, the agreement provided that if Visible Difference did not satisfy its contingency, Velvet Swing was able to retain the deposits. While Velvet Swing accurately relies on portions of the agreement, case law supports the conclusion that the zoning contingency was for the benefit of Visible Difference and that it was therefore able to be waived.
This court has previously recognized that the doctrine of waiver holds that "a party may waive a covenant of a contract for whose benefit it is inserted." American Ideal Mgmt., Inc. v. Dale Vill., Inc., 567 So.2d 497 (Fla. 4th DCA 1990) (citing Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945)). American Ideal Management clarified that "the application of waiver necessitates the finding that the covenant sought to be waived was inserted in the contract for the benefit of the party seeking the waiver." Id. at 501. In American Ideal Management, the court reversed the summary judgment order because the issue of whose benefit the provision was included for was a question of fact.
Velvet Swing accurately points out that the agreement provides that it may only be amended in a writing executed by both parties. In addition, Velvet Swing emphasizes that the terms of the contract are clear. However, Velvet Swing does not address the ability of Visible Difference to waive the contingency provision concerning the zoning approval in spite of the language in the agreement. In fact, this court has allowed waiver where abiding by the express terms of the contract would otherwise have prohibited it.
In Allstate Insurance Co. v. Cipriani, 629 So.2d 183 (Fla. 4th DCA 1993), this court determined that an oral cancellation of an insurance policy was sufficient notwithstanding that the policy specifically required cancellation to be done in writing. The Cipriani opinion noted that "[i]nsurance policy provisions permitting written cancellation generally are considered to be for the benefit of the insurer." Thus, the court concluded the provision had been waived. Id.
Although Velvet Swing contends the contingencies were included for the benefit of both parties, in New Products Corp. v. City of North Miami, 241 So.2d 451 (Fla. 3d DCA 1970), the Third District held that a similar zoning contingency was for the benefit of the purchaser. Moreover, it seems clear that to assure the building is properly zoned would benefit the purchaser of the building, rather than the seller. At minimum, the question of which party the inclusion of this contingency was meant to benefit, is an issue of fact. Dismissal *756 of the complaint was therefore inappropriate as the four corners of the complaint do not provide guidance in this regard.
When presented with the motion to dismiss, the trial court was not permitted to go beyond the four corners of the complaint to determine if the contingency was waived or for whose benefit the contingency was included in the agreement. In addition the trial court had to accept the facts alleged in the complaint and the exhibits attached as true, as well as draw all reasonable inferences in favor of Visible Difference. Taylor, 801 So.2d 259.
The complaint acknowledges that the contingency was not satisfied. However, the complaint also alleges the contingency was waived. Drawing all inferences in favor of Visible Difference, as the trial court was obligated to do, the trial court erred in dismissing the action. We hereby reverse that order.
REVERSED.
STONE, J., and ROSENBERG, ROBERT A., Associate Judge, concur.