942 So.2d 1019 (2006)
TORWEST, INC., Appellant,
v.
Kevin J. KILLILEA, Appellee.
No. 4D06-22.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*1020 Steven L. Brannock of Holland & Knight LLP, Tampa, and Eli H. Subin of Holland & Knight LLP, Orlando, for appellant.
Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Lisabeth Kirk Rogers of Rogers & Rogers, Seneca, South Carolina, for appellee.
PER CURIAM.
Kevin Killilea entered into an agreement with Torwest, Inc. to develop a "referral network of Realtors" for two Torwest real estate developments in Vero Beach. After a bench trial, the trial court determined the compensation portion of the agreement was not ambiguous and awarded Killilea commissions of $650,899.27.
Whether an ambiguity exists in a contract is a question of law subject to a de novo standard of review. See Essex Ins. Co. v. Simpler, 911 So.2d 794 (Fla. 1st DCA 2004); Wagner v. Wagner, 885 So.2d 488, 492 (Fla. 1st DCA 2004). Language in a contract is ambiguous where it is "fairly susceptible to more than one interpretation." McInerney v. Klovstad, 935 So.2d 529, 531-32 (Fla. 5th DCA 2006). "In reviewing a contract . . . to determine its true meaning, the court must review the entire contract without fragmenting any segment or portion." J.C. Penney Co. v. Koff, 345 So.2d 732, 735 (Fla. 4th DCA 1977).
The "fee and compensation" language of the contract refers to "any prospect originating from any county Killilea has or is working in [sic]." "Prospect originating" is an unusual locution; the contract does not refer to a "buyer," "purchaser," or "vendee." A "prospect" suggests a potential customer who has been developed or located. One reasonable reading of the contract is that the term "prospect" ties in with the repeated use of that term in the "Broker Referral Program," which is incorporated into the contract, so that Killilea's entitlement to a fee turns on the registration of a prospect under the terms of the referral program.
Because we hold the "fee and compensation" language to be ambiguous, we reverse the final judgment and remand to the trial court to allow the parties to present *1021 parol and extrinsic evidence so that the trial court can discern the parties' intent.
GROSS, HAZOURI, JJ., and MAASS, ELIZABETH T., Associate Judge, concur.