944 So.2d 1256 (2007)
Edward S. LIPTON, Appellant,
v.
FIRST UNION NATIONAL BANK, Appellee.
No. 4D06-175.
District Court of Appeal of Florida, Fourth District.
January 3, 2007.
*1257 Andrew T. Lavin of Navon & Lavin, P.A., Fort Lauderdale, for appellant.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, and Morris G. Miller and Amy S. Rubin of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, for appellee.
HAZOURI, J.
Edward S. Lipton entered into an equity line of credit contract with First Union National Bank under which he could borrow up to $3,000,000. Less than a month after the closing, the Bank discovered that Lipton and his businesses had been involved in litigation with the Federal Trade Commission (FTC) and, just prior to the closing, a Stipulated Judgment and Order for Permanent Injunction and Other Equitable Relief was entered into by Lipton and his two businesses with the FTC. This judgment, which had not been revealed to the Bank by Lipton, resulted in the Bank's freezing the loan based upon a provision of the loan agreement which permits the Bank to prohibit additional advances if it "reasonably believe[s] [Lipton] will be unable to fulfill the repayment obligations under this Agreement due to a material change in [Lipton's] financial circumstances."
Upon being notified of the Bank's action, Lipton spoke with a Bank employee, Eddie Jackson, who testified that Lipton told him to close the equity line. Lipton testified that when he told Jackson to "close the line," he was speaking facetiously and did not offer to terminate the equity line. The Bank closed the equity line and sent Lipton a letter confirming their conversation and Lipton's instructions to close the equity line of credit.
As a result, Lipton filed a complaint against the Bank alleging it breached the contract by refusing to perform its obligations under it. The Bank asserted numerous affirmative defenses including misrepresentation by Lipton in obtaining the loan which permitted the Bank to suspend the loan and also estoppel due to Lipton's termination of the loan.
After a six-day non-jury trial, the trial court found that Lipton had made a material misrepresentation to the Bank when he did not disclose the FTC litigation prior to the closing. The evidence showed that the FTC litigation severely affected Lipton's income and "it would lead a reasonable person to conclude that there was a serious problem with Mr. Lipton's ability to possibly pay this loan in the future." The trial court concluded that the Bank was within its right to suspend or even cancel the loan at that point. The trial court also found that Lipton had cancelled the loan in his conversation with Jackson and the Bank followed up with a letter of confirmation.
*1258 On appeal, Lipton asserts that the trial court erred as a matter of law by interpreting the loan agreement to allow the Bank to suspend the loan to conduct an investigation. The loan agreement allowed the Bank to suspend the loan if it "reasonably believe[d]" that Lipton would be unable to repay the loan "due to a material change in his financial circumstances." "The interpretation or construction of a contract that is clear and unambiguous is a matter of law that is reviewed de novo." Caulkins Indiantown Citrus Co. v. Nevins Fruit Co., 831 So.2d 727, 735 (Fla. 4th DCA 2002). With respect to the factual findings, "[a]s an appellate court, it is not our function to reweigh the evidence but, rather, to view the record to determine if it contains competent and substantial evidence to support the conclusions of the trier of fact." GNB, Inc. v. United Danco Batteries, Inc., 627 So.2d 492, 493 (Fla. 2d DCA 1993). "Upon appellate review, the findings of the trial court are presumed correct." Citibank, N.A. v. Julien J. Studley, Inc., 580 So.2d 784, 785 (Fla. 3d DCA 1991).
In Habie v. Krischer, 642 So.2d 138 (Fla. 4th DCA 1994), this court was asked to determine if a statute was unconstitutionally vague in that it uses the phrase, "reasonably believes." This court held: "Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning." Id. at 140. "Further, as a general rule, the question of `reasonable beliefs' is a factual determination which should be left for the jury." Id.
The trial court found as the trier of fact that at the time the Bank suspended the line of credit, it had found out about the FTC litigation against Lipton and his businesses from which the majority of his income was derived. At that point, the Bank could reasonably believe that any effect the litigation might have on Lipton's income would be substantial and materially affect his financial circumstances. There was substantial competent evidence to support the trial court's findings and no error in its conclusion that the Bank had not breached the contract.
Additionally, as a basis for its decision in favor of the Bank, the trial court found that Lipton had terminated the loan agreement. Lipton argues that as a matter of law the terms of the contract required that any termination by him had to be in writing.
In Visible Difference, Inc. v. Velvet Swing, L.L.C., 862 So.2d 753 (Fla. 4th DCA 2003), this court held:
This court has previously recognized that the doctrine of waiver holds that "a party may waive a covenant of a contract for whose benefit it is inserted." American Ideal Mgmt., Inc. v. Dale Vill., Inc., 567 So.2d 497 (Fla. 4th DCA 1990) (citing Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945)). American Ideal Management clarified that "the application of waiver necessitates the finding that the covenant sought to be waived was inserted in the contract for the benefit of the party seeking the waiver." Id. at 501. In American Ideal Management, the court reversed the summary judgment order because the issue of whose benefit the provision was included for was a question of fact.
Visible Difference, 862 So.2d at 755. Because the Bank may waive the provision that the termination must be in writing, the trial court could properly find that Lipton's oral termination was effective.
Affirmed.
GROSS, J., and MAASS, ELIZABETH T., Associate Judge, concur.