970 So.2d 450 (2007)
Reggie SMITH, Appellant,
v.
Stephen H. SHELTON and Thomas M. Shelton, Appellees.
No. 4D06-4588.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
Rehearing Denied January 14, 2008.
H.T. Maloney and Heather Trailer of Patterson & Maloney, Fort Lauderdale, for appellant.
Charles M. Kramer and Romney C. Rogers of Rogers, Morris & Ziegler LLP, Fort Lauderdale, for appellees.
*451 WARNER, J.
We affirm the trial court's final summary judgment in favor of appellees on appellant's claim of breach of contract. Appellant, an employee of several corporations owned by appellees, sued on a contract which allegedly entitled appellant to 10% of the net proceeds generated on appellees' sale of their business. Appellees claimed that this obligation was released by a termination of employment agreement signed by appellees. We agree that the termination agreement released the prior obligation.
"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Here, the issue was one of contract interpretation. "The interpretation or construction of a contract that is clear and unambiguous is a matter of law that is reviewed de novo." Lipton v. First Union Nat'l Bank, 944 So.2d 1256, 1258 (Fla. 4th DCA 2007) (quoting Caulkins Indiantown Citrus Co. v. Nevins Fruit Co., 831 So.2d 727, 735 (Fla. 4th DCA 2002)). Whether an ambiguity exists in a contract also is a question of law. Torwest, Inc. v. Killilea, 942 So.2d 1019, 1020 (Fla. 4th DCA 2006); N. Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356, 358 (Fla. 4th DCA 2002). Where the wording of an agreement is ambiguous, its interpretation involves questions of fact, precluding summary disposition. Barone v. Rogers, 930 So.2d 761, 764 (Fla. 4th DCA 2006). "Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation. However, a true ambiguity does not exist merely because a document can possibly be interpreted in more than one manner." Lambert v. Berkley S. Condo. Ass'n, 680 So.2d 588, 590 (Fla. 4th DCA 1996) (citation omitted).
The termination of employment agreement unambiguously stated that its purpose was to settle all of the rights, obligations, and liabilities between all of the parties, which specifically included the appellee Sheltons.[1] By the terms of the agreement, appellant Smith released his employer (three corporations owned by the Sheltons) and its officers, which included the Sheltons, from any claims which Smith may have related to his employment. Under the agreement, Smith received $350,000 "in return for Employee's release of any rights, title, interest or claim . . . to any stock in any company which [Thomas and Stephen Shelton] either have now or may have in the future, including but not limited to stock or equity interest in Employer." (emphasis supplied). The earlier agreement on which Smith sued provided that Smith was to obtain a 10% interest in the profit generated on sale of the businesses, which were the "employer" under the termination agreement. We have no trouble in concluding that the termination agreement clearly and unambiguously released this interest, because it constituted, at the very least, an equity interest in the Sheltons' corporations.
Affirmed.
KLEIN and GROSS, JJ., concur.
NOTES
[1] The agreement stated, in part: "WHEREAS, THOMAS M. SHELTON and STEPHEN H. SHELTON (hereinafter collectively referred to as `Stockholders') are each fifty percent (50%) stockholders of each of the above stated corporations; and WHEREAS, Stockholders join with Employer and Employee to collectively agree to settle all rights, obligations and liabilities between all these parties. . . ." (emphasis supplied).