STEVENSON, J.
This appeal stems from a breach of contract action filed by Jack and Joyce Leben against State Farm Florida Insurance Company for its failure to cover roof damage following Hurricane Wilma in October of 2005. The trial court granted summary judgment in favor of State Farm, reasoning that the Lebens failed to comply with post-loss conditions under the policy, specifically by failing to give timely notice. *529 Because the record raises a genuine issue of material fact as to whether State Farm was prejudiced by any failure of the Le-bens to comply with the notice provisions, we reverse.
The policy at issue covers “accidental direct physical loss” to the “dwelling.” The policy states that “[ajfter a loss to which this insurance may apply, you shall ... give immediate notice to us or our agent.” Immediately after Hurricane Wilma occurred in 2005, the Lebens noticed some damage to their home, but did not report it to State Farm until February 2009.
The record contains two reports that were provided by the Lebens. The first is a report from Stephen Thomas of the Roof Leak Detection Company, Inc., and the second is a letter and proposal from ANC Roofing, Inc. (“ANC”). The evaluation from Thomas discussed extensive damage to the Lebens’ roof. Despite repairs to the roof which the Lebens had completed soon after the initial damage, Thomas opined that “we can expertly conclude that as a result of wind uplift forces experienced during Hurricane Wilma, widespread damage to the installed tiled roof system occurred, resulting in the current state of complete system failure.” The letter from ANC concluded that the Le-bens’ “roof has truly sustained damaged [sic] by Hurricane Wilma forces of wind.” The letter further stated that “[t]his is purely a case of unnoticed and overlooked” damage from Hurricane Wilma. In opposition to this evidence, State Farm provided an affidavit from Richard Morris, the State Farm employee assigned to the Le-bens’ claim. Morris indicated that State Farm inspected the Lebens’ roof but was “unable to independently determine whether roof and interior damage to the home was caused by Hurricane Wilma because the Lebens’ failure to comply with the post-loss conditions precedent to recovery of their policy prejudiced and compromised State Farm.”
A trial court’s order granting summary judgment is reviewed de novo. See Bender v. CareGivers of Am., Inc., 42 So.3d 893, 894 (Fla. 4th DCA 2010). Summary judgment is appropriate where the record reveals no genuine issue of material fact and the moving party is entitled to judgment, as a matter of law. See Smith v. Shelton, 970 So.2d 450, 451 (Fla. 4th DCA 2007). Generally, “[t]he failure of an insured to give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.” Ideal Mut. Ins. Co. v. Waldrep, 400 So.2d 782, 785 (Fla. 3d DCA 1981). However, an insured’s failure to comply with an insurance policy notice provision is not fatal to coverage — “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985). The record contains a question of fact as to whether State Farm was prejudiced by the Lebens’ failure to provide timely notice. While State Farm submitted an affidavit attesting that it could not determine that the damage was caused by Hurricane Wilma, the Lebens submitted two reports from individuals who concluded that Hurricane Wilma had caused the damage. This was sufficient to raise a genuine issue of material fact and defeat State Farm’s motion for summary judgment.

Reversed and remanded.

WARNER and CONNER, JJ., concur.