WALSH, LISA S., Associate Judge.
Stuart Berkowitz appeals from the trial court’s order granting final summary judgment in favor of Delaire Country Club, Inc. (the “Club”). Mr. Berkowitz, a Club member, proposed 17 amendments to the Club’s articles of incorporation and requested that the Club mail a 52-page packet to all Club members. The packet contained Mr. Berkowitz’s proposed amendments, commentary, photographs, graphs, draft ballot language, and arguments. The Club complained that the material was too lengthy and difficult to understand. It requested that Mr. Ber-kowitz resubmit a single page addressing each proposed amendment, excluding commentary, supporting materials, and draft ballot language. Mr. Berkowitz refused, and resubmitted much of the same packet with a color-coded legend separating its materials. The Club rejected the resubmitted packet as vague, confusing, subject to multiple interpretations, and exceeding the Club’s one-page limitation on length.
Mr. Berkowitz filed a complaint for declaratory and injunctive relief, arguing that the Club failed to follow its required procedure under the Club’s articles of incorporation and by-laws. After a hearing, the trial court entered a final order granting the Club’s motion for summary judgment. The trial court concluded: (1) that a latent ambiguity existed in the articles of incorporation and by-laws as to the format required for amendments; (2) that a member is required to limit a proposed amendment in a one-page “suitable ballot” form; and (3) that the Club secretary had the discretion to determine the suitability of a member-submitted ballot relating to proposed amendments.
We find no error in the trial court’s conclusion that a latent ambiguity existed as to the format required for members to submit proposed amendments. However, we reverse the final summary judgment for three reasons. First, the trial court improperly considered unauthenticated evidence to resolve the latent ambiguity. Second, the trial court erroneously conflated the term “proposed amendment” with the term “suitable ballot.” Finally, the trial court erroneously placed the burden on the member, rather than the Club secretary, to prepare a “suitable ballot” for submission to the membership for a vote.
A trial court’s order granting summary judgment is reviewed de novo. Sunshine State Ins. Co. v. Jones, 77 So.3d 254, 257 (Fla. 4th DCA 2012). “ ‘Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “ ‘If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.’ ” McCabe v. Fla. Power & Light Co., 68 So.3d 995, 997 (Fla. 4th DCA 2011) (quoting Fla. Atl. Univ. Bd. of Trs. v. *1218 Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010)).
Articles of incorporation and corporate bylaws are construed applying principles of contract interpretation. See Naples Cmty. Hosp., Inc. v. Hussey, 918 So.2d 323, 325 (Fla. 2d DCA 2005). A trial court’s interpretation of a contract is reviewed de novo. Smith v. Shelton, 970 So.2d 450, 451 (Fla. 4th DCA 2007).
The Club’s Articles of Incorporation provide, in pertinent part:
ARTICLE X
AMENDMENT OF BY-LAWS
... At least thirty (30) days in advance of such [annual or special] meeting, the Club will mail to each member copies of any proposed changes together with a proxy-ballot for the member’s execution in affirming or rejecting the proposed changes.
An amendment may be proposed by ... any member ... of the Club. An amendment proposed by a member ... of the Club shall be submitted in writing to the Board of Governors along with a request that the proposed amendment be presented to the membership for vote at an annual or special meeting. The proposed amendment shall be submitted to the Board of Governors at least sixty (60) days prior to the annual or special meeting at which it is to be considered. Thereafter, the Board of Governors shall submit the proposed amendment to the members at an annual or special meeting in accordance with the written request and the provisions of the restated By-Laws. The notices of said meeting shall contain a statement that [the] Board of Governors either approves or disapproves of the proposed amendment.
The Club’s By-Laws provide, in pertinent part:
Article III
Members Meeting
[[Image here]]
8. Voting Procedures.
a. All voting in elections or involving amendments and other major actions as defined in the Articles of Incorporation shall be by closed ballot. Voting shall be by mail ballot.
b. The Secretary shall prepare and mail to each member a suitable Ballot and also a Ballot envelope. Members shall vote by completing and returning the Ballot to the Club office in the Ballot envelope.... The signed Ballot envelopes will be opened by the Inspectors of Election on the day of the meeting where such Ballots shall be cast.

Latent Ambiguity in Articles of Incorporation and By-Laws

The Club’s Articles of Incorporation and By-Laws permit a member to submit a “proposed change” or an “amendment” to the Club, which the Club is then required to submit, along with a “suitable ballot,” to the Club membership. Here, the member submitted not only 17 proposed changes but an accompanying 52-page packet including commentaries, graphs, arguments, photographs, and other materials. The Articles of Incorporation and the By-laws neither permit nor forbid a member from submitting non-amending, additional materials with their proposed amendments. Nor do the Articles of Incorporation or the By-laws set forth the form which an amendment must take. The Articles and By-laws are thus silent on these issues.
Although there is nothing ambiguous about the terms “amendment” or “proposed change,” the Club argues that the silence on the issue of the format of an amendment created a latent ambiguity which required extrinsic evidence to clarify-
*1219 There are two types of contractual ambiguity, latent and patent. Prime Homes, Inc. v. Pine Lake, LLC, 84 So.3d 1147, 1151 (Fla. 4th DCA 2012). “Patent ambiguities are on the face of the document, while latent ambiguities do not become clear until extrinsic evidence is introduced and requires parties to interpret the language in two or more possible ways.” Id. at 1151-52 (citation omitted). “A latent ambiguity is said to exist where a contract fails to specify the rights or duties of the parties in certain situations and extrinsic evidence is necessary for interpretation or a choice between two possible meanings.” Kirsch v. Kirsch, 933 So.2d 623, 626 (Fla. 4th DCA 2006) (citation and quotation omitted).
The trial court concluded that the failure of the Articles of Incorporation and By-laws to address the scope and format of the materials which a member could submit created a latent ambiguity in the documents. We find no error. See Riera v. Riera, 86 So.3d 1163, 1166-67 (Fla. 3d DCA 2012) (silence in marital settlement agreement on issue of payment of college expenses where contract provided that parties shall pay equally for all costs related to education of child created latent ambiguity); Prime Homes, Inc., 84 So.3d at 1152 (failure of real estate contract to specify lot size created ambiguity in contract which extrinsic evidence was required to clarify). Here, a latent ambiguity arose for which extrinsic evidence was properly required to clarify the format and scope of a member-submitted amendment.

Summary Judgment Improper Where Based Upon Unauthenticated Evidence

Normally, when a contract is ambiguous, summary judgment is improper. See Talbott v. First Bank Fla., FSB, 59 So.3d 243, 245 (Fla. 4th DCA 2011) (“When a contract is ambiguous, an issue of fact is created that cannot be resolved by summary judgment.” (citation omitted). However, if a party moving for summary judgment presents competent evidence to support its position, which the nonmoving party does not counter, then summary judgment may be granted. See Landers v. Milton, 370 So.2d 368, 370 (Fla.1979) (“But once [the party moving for summary judgment] tenders competent evidence to support his [or her] motion, the opposing party must come forward with counterevi-dence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.” (citation omitted)).
The Club argued that it had a longstanding practice of requiring members to restrict proposed amendments to a single page in length. In support, the Club simply attached unauthenticated documents which purported to be past ballots submitted by other Club members. No affidavit or other evidence established that the attachments were what they purported to be.
Because the Club’s attached documents were unauthenticated, they were not competent evidence, and the trial judge erred in considering them. See Ciolli v. City of Palm Bay, 59 So.3d 295, 297 (Fla. 5th DCA 2011) (an unauthenticated document attached to a memorandum of law is not permitted under Rule 1.510(c), Florida Rules of Civil Procedure, and does not constitute competent substantial evidence). “A Florida court may not consider an unauthenticated document in ruling on a motion for summary judgment, even where it appears that the [ ] document, if properly authenticated, may have been dispositive.” Booker v. Sarasota, Inc., 707 So.2d 886, 889 (Fla. 1st DCA 1998) (citation omitted). Accordingly, the trial court erred in considering the unauthenticated attachments to resolve the contractual ambiguity.

*1220
Trial Court Improperly Assigned Duties of Club Secretary to the Member and Conflated Terms “Ballot” with “Amendment”-

The trial court order states:
The suitable ballot format is to ensure Club members will understand what exact sections of the Club’s governing documents may be altered or revised if the amendment is passed. [Mr. Berkow-itz’s] proposed amendments are vague and/or ambiguous.
[[Image here]]
[Mr. Berkowitz] must conform the format of each of his proposed amendments to the single-page suitable format substantially similar to the format used in the past.
It is this Court’s opinion that Article III, Section 8 of the Club’s By-Laws, provides the Secretary of the Club with reasonable discretion to determine the suitability of a proposed ballot submitted by a member relating to proposed amendments to the Club’s governing documents.
Mr. Berkowitz argues that the trial court incorrectly equated the Articles of Incorporation’s term “proposed amendment” with the By-laws’s term “ballot.” He further argues that the court’s interpretation improperly assigned the Bylaws’s balloting process to the member and improperly relegated the duties of the Club secretary to the member to prepare a “suitable ballot.” Mr. Berkowitz is correct on both points.
“Where an agreement comprises more than one document, the documents should be considered together in interpreting the parties’ agreement.” Philips Lake Worth, L.P. v. BankAtlantic, 85 So.3d 1221, 1225 (Fla. 4th DCA 2012) (citing J.G. Wentworth, S.S.C., L.P. v. Safeco Life Ins. Co., 755 So.2d 138, 138 (Fla. 4th DCA 1999)). Further, Article XIX of the Articles of Incorporation states that in the event a conflict exists between the Articles of Incorporation and the By-laws, the Articles of Incorporation shall prevail.
Article X of the Articles of Incorporation states that any member may submit an amendment “in writing to the Board of Directors along with a request that the proposed amendment be presented to the membership for vote.... ” Article III, Section (8)(b) of the By-laws states, “[t]he Secretary shall prepare and mail to each member a suitable ballot and also a Ballot envelope,” which each voting member then completes and returns to the Club office.
Reading the Articles of Incorporation together with the By-Laws, it is clear that a two-step process is required. First, pursuant to the Articles of Incorporation, the member may submit a proposed amendment to the Board of Directors. The Board is required to submit the proposed amendment to the membership. Next, pursuant to the By-laws, the Secretary “shall prepare and mail to each member a suitable ballot....” Equating the term “amendment” with the term “suitable ballot” is error. Requiring the member to prepare a “suitable ballot” is similarly erroneous. A member may submit a proposed amendment to the Board. Thereafter, under the By-laws’s clear language, it is the Club secretary, and not the member, who must prepare and mail a “suitable ballot” to the Club membership.
Accordingly, we reverse.

Reversed and remanded.

STEVENSON and CIKLIN, JJ. concur.