NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LE SCAMPI CONDOMINIUM )
ASSOCIATION, INC., )
                )
          Appellant, )
                )
v. )      Case No. 2D15-3208
                )
MICHAEL WILLIAM HALL and JANET )
MARGARET HALL, )
                )
          Appellees. )
_____)

Opinion filed July 8, 2016.

Appeal from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

Daniel F. Pilka of Pilka & Associates, P.A.,
Brandon, for Appellant.

Celena R. Nash of Glazer & Associates,
P.A., Ft. Lauderdale, for Appellees.


SILBERMAN, Judge.

       In the underlying action, Le Scampi Condominium Association, Inc.,

sought declaratory and injunctive relief against condominium unit owners Michael and

Janet Hall.  The Association asserted that the Halls were leasing their unit for less than

one month and without the Association's prior approval in violation of section 9 of the

Association's Rules and Regulations.  This appeal stems from a final summary

judgment in which the trial court ruled that portions of section 9 of the Rules and Regulations are unenforceable because they conflict with the Declarations of Condominium. We conclude that there is no conflict and reverse.

Le Scampi condominium unit owners are governed by Declarations of Condominium which have been recorded in the official records of Pinellas County. The Rules and Regulations for the Association are attached to and specifically referenced in the Declarations and were recorded in the public records at the same time as the Declarations. Because the agreement between the parties consists of more than one document, those documents should be considered together to determine the terms of the parties' agreement. Berkowitz v. Delaire Country Club, Inc., 126 So. 3d 1215, 1220 (Fla. 4th DCA 2012).

Section 3 of the Declarations provides that the Declarations are the governing documents and all of the other condominium documents, including the Rules and Regulations, are subject to the Declarations. Thus, if a conflict arises between the documents, the Declarations should control over the Rules and Regulations. See Heron at Destin W. Beach & Bay Resort Condo. Ass'n, Inc. v. Osprey at Destin W. Beach, 94 So. 3d 623, 629 (Fla. 1st DCA 2012).

Section 9.5 of the Declarations addresses the sale, lease, and transfer of condominium units. That section provides, in pertinent part, as follows:

> A. Sale, Lease, or Transfer. Subject to the provisions of subparagraph B below, a unit owner may without restriction under this Declaration sell, give, devise, lease or otherwise transfer his unit, or any interest therein, to his spouse, or to his child, parent, brother, sister, grandchild or descendant, or to any one or more of them, or to any Trustee of a Trust, the sole beneficiary of which is the unit owner or his spouse, child, parent, brother, sister, grandchild or descendant, or

any one or more of them, or to any other existing unit owner. Notice of any such underscore transfer shall be given to the Board of Directors of the Association within thirty (30) days following consummation of such transfer.

B. Notice to Association of Certain Transfers. Whenever a unit owner shall propose to sell, give, devise, lease or otherwise transfer his unit, or any interest therein, to any person other than a person or entity described in subparagraph A above, said unit owner shall give the Association not less than thirty (30) days prior written notice of the proposed transfer, which notice shall briefly describe the type of transfer proposed by the unit owner and shall state the name, address, and financial and character references of the proposed transferee. The notice shall also include a copy of the proposed contract for sale, lease or other document, if any, affecting said transfer.

(Emphasis added.) Under section 9.5(A), the sale, lease, or transfer of units to certain family members is "unrestricted" so long as the appropriate notice is given after the transfer. Under section 9.5(B), the sale, lease, or transfer of units to persons other than the family members listed in section 9.5(A) is not expressly "unrestricted." However, the only restriction set forth in section 9.5(B) is compliance with a prior-notice provision.

Section 9 of the Rules and Regulations is entitled "Rental of Units," and it imposes additional restrictions as follows:

A. Units may be rented, subject to the approval of the Association, as set forth in Paragraph 7 above. All leases or rental agreements must be in writing, must include Rules and Regulations, and must be submitted to the Association prior to the actual occupancy of the unit by the tenant. No lease or rental agreement shall be binding until approved by the Association in writing.

B. Units may not be leased or rented for a period of less than one (1) month.

C. The Association shall have the right to evict any tenant of any owner in the event the tenant openly violates these Rules and Regulations and refuses to abide by same. Such

> power may be exercised by either the owner of such rented unit or the [A]ssociation and when so exercised shall be done so in accordance with those provisions as set forth in Section 83.40, et. seq., of the Florida Statutes.

(Emphasis added.) Under this section, rentals are subject to the approval of the Association and may not encompass a period of less than one month.

The Association filed the underlying action seeking declaratory and injunctive relief to prevent the Halls from leasing their condominium unit to unknown third parties without prior approval and for periods of less than one month. The Halls did not dispute that they rented their unit without prior approval and for periods of less than one month in violation of section 9 of the Rules and Regulations. However, the Halls argued that those portions of section 9 of the Rules and Regulations are unenforceable because they conflict with their unrestricted right to lease their unit under section 9.5(B) of the Declarations. The trial court granted the Halls' motion for summary judgment and denied the Association's motion for summary judgment on this basis.

The question on appeal is whether the trial court erred in determining that the portions of section 9 of the Rules and Regulations prohibiting leasing for less than one month and requiring Association approval prior to leasing are unenforceable because they purportedly conflict with section 9.5(B) of the Declarations. Because the trial court's interpretation of restrictive covenants is a question of law, it is subject to a de novo review on appeal. Whitley v. Royal Trails Prop. Owners' Ass'n, Inc., 910 So. 2d 381, 383 (Fla. 5th DCA 2005).

The trial court's ruling turns on an interpretation of section 9.5(B) of the Declarations as conferring a right to sell, lease, or transfer a condominium unit to persons other than the family members listed in section 9.5(A) that is restricted only by

- 4 -

the notice requirement as set forth therein. Under this interpretation, portions of section 9 of the Rules and Regulations would conflict with the Halls' unrestricted right to lease their unit by imposing additional restrictions thereon. However, this interpretation of section 9.5(B) of the Declarations is inconsistent with its plain language. Unlike section 9.5(A), section 9.5(B) does not provide that the right to sell, lease, or transfer a condominium unit is unrestricted with the exception of the notice requirement. Instead, section 9.5(B) imposes a prior-notice requirement and specifies the contents of the notice. It does not otherwise address the unit owner's right to sell, lease, or transfer a condominium unit to persons other than the family members listed in section 9.5(A).

When a contract is silent on a particular matter, courts should not impose contractual rights and duties on the parties under the guise of construction. BMW of N. Am., Inc. v. Krathen, 471 So. 2d 585, 587 (Fla. 4th DCA 1985); Jacobs v. Petrino, 351 So. 2d 1036, 1039 (Fla. 4th DCA 1976). Because section 9.5(B) of the Declarations does not expressly grant the condominium unit owner the unrestricted right to sell, lease, or transfer a unit, a court cannot properly bestow such a right. Thus, the provision in section 9 of the Rules and Regulations which requires approval of the Association and prohibits unit rentals for a period of less than one month is not in conflict with the Declarations.

Our conclusion is reinforced by the fact that section 9.5(A) of the Declarations expressly provides for the sale, lease, or transfer of units "without restriction" and for the "unrestricted transfer" of units to certain family members. Section 9.5(B), on the other hand, provides for the sale, lease, or transfer to persons other than the family members listed in section 9.5(A) but does not describe those

actions as "unrestricted." "Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." Moonlit Waters Apartments, Inc. v. Cauley, 666 So. 2d 898, 900 (Fla. 1996). The mention of the "unrestricted" right to sell, lease, or transfer units in section 9.5(A) but not in section 9.5(B) therefore supports the conclusion that the right to sell, lease, or transfer units in section 9.5(B) is not unrestricted.

Because there is no conflict between section 9.5(B) of the Declarations and the portions of section 9 of the Rules and Regulations prohibiting leasing for less than one month and requiring Association approval prior to leasing, the trial court erred in denying the Association's motion for summary judgment and granting the Halls' motion for summary judgment. We therefore reverse the final judgment and remand with directions for the court to grant the Association's motion for summary judgment.

Reversed and remanded.


CRENSHAW and BLACK, JJ., Concur.